UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MORRIS, III,

                Plaintiff,

   v.

STATE OF WASHINGTON,

                Defendant.

Case No. C12-0854-MJP-MAT

REPORT AND RECOMMENDATION

On May 16, 2012, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. No. 1.) Plaintiff alleged in his complaint that the State of Washington had falsely imprisoned him after breaching a binding contract promising him the constitutional presumption of innocence. (*See id*.) Plaintiff further alleged that the State of Washington had violated his constitutional right to a fair trial by denying him the right to be presumed innocent until proven guilty. (*See id*.) Plaintiff identified the State of Washington as the only defendant in his complaint. (*See id*.)

On June 14, 2012, plaintiff's application to proceed with this action *in forma pauperis*

REPORT AND RECOMMENDATION
PAGE - 1

01 was granted and his complaint was filed. (Dkt. Nos. 4 and 5.) On the same date, this Court
02 issued an Order declining to serve plaintiff's complaint and granting him leave to amend his
03 complaint to correct specified deficiencies. (Dkt. No. 6.) The Court first noted in its Order
04 that the allegations set forth in the complaint, if decided in plaintiff's favor, could call into
05 question the validity of his present confinement. The Court therefore advised plaintiff that he
06 would have to demonstrate his claims were not barred by *Heck v. Humphrey*, 512 U.S. 477
07 (1994), before he would be permitted to proceed with this action.[1] (*See id*.) The Court also
08 noted in its Order that the State of Washington was immune from suit and, therefore, was not a
09 viable defendant in this action.

10 Plaintiff was granted thirty days within which to file an amended complaint
11 demonstrating that his claims were not barred by *Heck* and identifying a viable defendant.
12 (*Id*.) To date, plaintiff has not filed an amended complaint.[2]

13 //
14 //
15 //
16 //
17 //

---

[1] In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

[2] Plaintiff was confined in the King County Jail at the time he filed his complaint. However, he was subsequently transferred to the Washington Corrections Center. It is unclear when, exactly, plaintiff was transferred. However, plaintiff sent a letter to the Court on or about June 28, 2012, advising the Court of his new address. Because the Order declining to serve plaintiff's complaint was not returned to the Court, the Court presumes plaintiff received it before being transferred from the King County Jail to the Washington Corrections Center.

Because plaintiff has had ample time to file an amended complaint curing the previously identified deficiencies but has failed to do so, this Court recommends that plaintiff's complaint, and this action, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 17th day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3